UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

                                                                                                                      **Case No.: 14-cv-3022 (SER)**

Kevin Cassidy and Alex Johnson, on
behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

Active Sports, Inc. d/b/a The House,

                Defendant.

_____

**ORDER PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT**
_____

       This matter comes before the undersigned United States Magistrate Judge on Plaintiffs' renewed motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set forth in a Stipulation of Settlement dated September 29, 2015. *See* (Pls.' Renewed Unopposed Mot. for Prelim. Approval of Class Action Settlement and for Certification of a Class for Settlement Purposes) [Doc. No. 43]; (Stipulation of Settlement, "Stipulation") [Doc. No. 45].[1] All capitalized terms in this Order shall have the meanings given to them in the Stipulation.

       Plaintiffs Kevin Cassidy and Alex Johnson (hereinafter "Plaintiffs") are represented by their counsel Thomas J. Lyons, Jr. of the Consumer Justice Center P.A. (hereinafter "Class

---

[1]     The Court notes that the opening paragraph of the Stipulation states that it was "made and entered into as of the 29th day of September, 2015," but that the final pages of the Stipulation show that it was executed on November 16, 2015. (Stipulation at 1, 19–20).

1

Counsel"). Defendant Active Sports, Inc. d/b/a The House (hereinafter "Active Sports"), is represented by its counsel Bryan R. Feldhaus of Lommen Abdo, P.A. Plaintiffs and Active Sports are collectively referred to as the Parties.

The Court notes at the outset that it has considered the Parties' proposed order preliminarily approving the class action settlement, but that it has made some changes to the proposed order. *See* (Proposed Order Preliminarily Approving Class Action Settlement, Ex. A, Attached to Stipulation) [Doc. No. 45-1]. According to the Stipulation,

> "[i]n the event that the Court . . . declines for any reason to enter or give effect to the Preliminary Approval Order **identical** with that set forth in Exhibit A to this Stipulation . . . then this Stipulation shall become null and void, the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of this Stipulation, and the Parties shall jointly move that any and all orders entered pursuant to this Stipulation be vacated and shall proceed with the Action as if this Stipulation had never been executed; provided, however, that, in the event that the Parties, within ten (10) business days after any such action of court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, this Stipulation shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the Parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned.

(Stipulation at 11–12) (emphasis added). In light of this provision, the Court hereby orders that the Parties file, **no later than January 12, 2016**, a Joint Status Report informing the Court whether: (1) the Stipulation is null and void pursuant to the above-cited portion of the Stipulation and the Parties intend to jointly move that any and all orders entered pursuant to the Stipulation be vacated; (2) the Parties have jointly elected to appeal from or otherwise seek review or reconsideration of this Order; **or** (3) the Parties have agreed that the Stipulation is still in effect despite the above-cited portion of the Stipulation and have agreed that they will proceed pursuant this Order.

The Court will next address the substance of the motion before it. The Court having

heard the arguments of counsel at the previously-held motion hearing, *see* (Minute Entry Dated Oct. 9, 2015) [Doc. No. 41], having reviewed the Stipulation, its exhibits, and other submissions of the Parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The representations, agreements, terms, and conditions of the Parties' Proposed Settlement, as embodied in the Stipulation and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies the class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All individual persons who, during the Class Period, used a personal credit card or debit card (not a corporate card) to purchase merchandise from Active Sports d/b/a The House in a point of sale transaction (i.e., an in-store transaction) at either of its retail stores located at 200 S. Owasso Blvd. E or 300 S. Owasso Blvd. E, in St. Paul, Minnesota and received a receipt that contained more than the last five digits of the credit or debit card number or the expiration date.

The foregoing is the "Active Sports Settlement Class," and its members are "Class Members."

In support of this Active Sports Settlement Class, the Court finds as follows:

The Parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

- Whether there was a willful violation of FACTA with respect to any persons who purchased merchandise using a credit or debit card and who received an

       Allegedly Offending Receipt; and

- Whether there was a point of sale transaction made by persons who purchased merchandise using a credit or debit card and who received an Allegedly Offending Receipt.

Plaintiffs' claims are typical of the claims of the members of the Active Sports Settlement Class.  Plaintiffs are members of the Active Sports Settlement Class and allege that the same conduct of Active Sports applies to them as well as the other members of the Settlement Class.  Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole.  The claims of Plaintiffs and other members of the Settlement Class are based upon corresponding theories.

Plaintiffs, as Class Representatives, and Class Counsel can fairly and adequately represent the interest of the Active Sports Settlement Class.

Questions of law and fact common to all members of the Active Sports Settlement Class predominate over any questions affecting only individual members for settlement purposes.  A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3.     If for any reason the Stipulation ultimately does not become effective, Active Sports' conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before June 2, 2015, and nothing stated in the Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

4.     Having reviewed the proposed form of Notices of the Proposed Class Action Settlement attached as Exhibits B and C, the Court hereby approves and directs the Defendant to mail the Notices to those persons identified as Class Members and publish the Notice, **on the condition that**:

    a.    Exhibits B-1 and B-2 are edited to remove the erroneous reference to the District of California;

    b.    Exhibits B-1 and B-2 are edited to include the appropriate information regarding where any objections must be sent in the "Object and Go to a Hearing" portion of the notices;

    c.    The "Class Member[]" definition in the first full paragraph in Exhibit B-1 and the "What is the Class Action About?" portion in Exhibit B-1 are edited so as to match the corresponding definition and portion in Exhibit B-2; and,

    d.    Any dates and/or timelines within the notices at Exhibits B-1, B-2, and C are updated to reflect the dates and/or timelines established in Paragraph 15 of this Order.[2]

5.     The Court finds and determines that, with the changes made as required under Paragraph 4, Notice of the Proposed Class Action Settlement constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

---

[2]    Any dates and/or timelines within the Notice of Claim Form, attached as Exhibit E to the Stipulation [Doc. No. 45-5], must also be updated to reflect the dates and/or timelines established in Paragraph 15 of this Order.

6.      Any Class Member who desires to request exclusion from the Active Sports Settlement Class must file a written Claim or a written Statement of Exclusion in the form and manner required in the Notice of Settlement by March 9, 2016.  Statements of Exclusion must be addressed to:

*Cassidy v. Active Sports Settlement Administrator*
*P.O. Box 40007*
*College Station, TX 77842-4007*

7.      A hearing will be held before the Honorable Steven E. Rau, United States District Court, 316 North Robert Street, St. Paul, Minnesota, Courtroom 3C at 9:00 a.m. on March 30, 2016, ("Final Settlement Hearing"),[3] to determine: (a) whether a final judgment should be entered determining that the Proposed Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Active Sports Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the Class Members with prejudice and on the merits, as required by the Stipulation; (c) whether to approve the Class Representatives' application for an award of Class Representatives fees and attorney's fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition") and (d) whether to approve the manner of determining the cy pres award requested by the Parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8.      By February 8, 2016, Active Sports shall cause a declaration to be filed with the Court certifying that the Notice of the Proposed Class Action Settlement has been provided to the Active Sports Settlement Class as directed in this Order and that notice has been provided

---

[3]     The Court notes that the parties previously obtained a different date for the Final Settlement Hearing. Given the timing of this Order and the time needed to provide notice to the class, etc., the Court establishes the above date and time for the Final Settlement Hearing. *See infra* para. 15.

6

to the appropriate Federal and State officials as required by 28 U.S.C. § 1715.

9. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Active Sports Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Proposed Class Action Settlement. Such written objections must be addressed to the Clerk of Court; must be filed with, and received by, the Clerk of Court no later than March 9, 2016; must contain the objector's full name and current address; must declare that the objector was provided by Active Sports During the Class Period an Allegedly Offending Receipt; provide proof of the receipt or a copy of the credit card statement showing a purchase at Defendant's place of business; must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore; and include all documents and other writings the objector wishes the Court to consider. Copies of all materials also must be filed with the Clerk of Court, and served upon Class Counsel and counsel for Active Sports, on or before March 9, 2016:

> Clerk of Court
> United States Courthouse
> 316 North Robert Street
> St. Paul, MN 55101
>
> Bryan R. Feldhaus, Esq.
> LOMMEN ABDO, P.A.
> 1000 International Centre
> 920 Second Avenue South
> Minneapolis, MN 55402
>
> Thomas J. Lyons, Jr., Esq.
> CONSUMER JUSTICE CENTER, P.A.
> 367 Commerce Court
> Vadnais Heights, MN 55127

10. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorney's fees to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Proposed Class Action Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

11. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the Active Sports Released Parties any claims, if the Court approves the Proposed Settlement.

12. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiffs and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Active Sports Released Parties any claims that are being released in accordance with the Stipulation and Plaintiffs and all Class Members shall be conclusively deemed to have released any and all such claims.

13. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Stipulation, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members and who have not requested exclusion, shall be entitled to a Settlement Gift Card as described in paragraph 5 of the Stipulation.

14. The Parties entered into the Stipulation solely for the purpose of compromising and settling disputed claims. Defendant has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in this Action and any liability of any sort to Plaintiffs or any member of the Active Sports Settlement Class. Nothing contained in the Stipulation, in any document relating to the Stipulation, or in this Order shall be construed, deemed or offered as an admission by Plaintiffs or Active Sports, or by any member of the Active Sports Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

15. The Parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

| Date | Event |
| --- | --- |
| January 12, 2016 | Accomplish mailing of the Notice to the Active Sports Settlement Class |
| January 28, 2016 | Accomplish Notice by Publication to the Active Sports Settlement Class |
| February 8, 2016 | File declaration certifying that the process of notice by mailing and publication has been completed to the Active Sports Settlement Class within 10 days of the final publication. |
| March 9, 2016 | Deadline for Objections or Statements of Exclusion and submission of claims for gift card |
| March 16, 2016 | Deadline to report Objections or Statements of Exclusion to the Court |
| March 16, 2016[4] | File Motion for Final Approval, including seeking representative and attorney's fees and costs |

---

[4] The Court recognizes that this deadline does not comply with Local Rule 7.1's guidelines for filing a dispositive motion forty-two days before the hearing date. LR 7.1. But given the consensual nature of the proceedings at this stage, this Order supersedes the Local Rules in this respect.

| | |
|---|---|
| March 30, 2016 | Attend the Final Settlement Hearing |
| TBD | Distribute Settlement Gift Cards according to pre-determined schedule after the Final Hearing Order |
| TBD | Confirm payment of Class Representatives Awards, Class Counsel's Fees and Cy Pres Award |

16. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

17. Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of a Class for Settlement Purposes [Doc. No. 43] is **GRANTED** as provided by this Order.

By the Court:

Dated: December 29, 2015

*s/Steven E. Rau*
Steven E. Rau
United States Magistrate Judge