UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Kevin Cassidy and Alex Johnson, on
behalf of themselves and all others            **Case No.: 14-cv-3022 (SER)**
similarly situated,

          Plaintiffs,

v.

Active Sports, Inc. d/b/a The House,

          Defendant.

_____

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**
_____

Plaintiffs Kevin Cassidy and Alex Johnson, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant Active Sports, Inc. d/b/a The House ("Defendant Active Sports") in the above-captioned class action (the "Action") entered into a Stipulation and Settlement dated September 29, 2015 (the "Settlement"). (Stipulation of Settlement) [Doc. No. 45].[1]

On December 29, 2015, the Court entered an Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order") [Doc. No. 49], which: 1) preliminarily approved the Settlement; 2) for purposes of the Settlement, certified Plaintiffs' class to inform the Active Sports Settlement Class; 3) approved the form and method of notice of the Settlement to Class Members of the Active Sports Settlement Class; (4) appointed Plaintiffs as

---

[1] The Court notes that the opening paragraph of the Stipulation of Settlement states that it was "made and entered into as of the 29th day of September, 2015," but that the final pages of the Settlement show that it was executed on November 16, 2015. (Stipulation of Settlement at 1, 19–20).

class representatives and their attorney Thomas J. Lyons, Jr. as class counsel; and 5) set a hearing date for final approval. (Prelim. Approval Order at 3–10).

In the Preliminary Approval Order, the Court defined the Active Sports Settlement Class as follows:

> All individual persons who, during the Class Period, used a personal credit card or debit card (not a corporate card) to purchase merchandise from Active Sports d/b/a The House in a point of sale transaction (i.e., an in-store transaction) at either of its retail stores located at 200 S. Owasso Blvd. E or 300 S. Owasso Blvd E, in St. Paul, Minnesota and received a receipt that contained more than the last five digits of the credit or debit card number or the expiration date.

(*Id.* at 3).

Three Class Members have chosen to be excluded from the Active Sports Settlement Class by filing timely Statements of Exclusion. (Suppl. Decl. of Deborah McComb Re: Exclusions) [Doc. No. 63 ¶ 3].

No Class Member has objected to the Settlement. (Decl. of Deborah McComb Re: Notice Procedures) [Doc. No. 52 ¶ 19].

On March 30, 2016, at the United States District Court, 316 North Robert Street, St. Paul, Minnesota, Courtroom 3C, the Court held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interest of the Active Sports Settlement Class ("Settlement Hearing"). *See* (Minute Entry Dated Mar. 30, 2016) [Doc. No. 64].

At the Settlement Hearing, Plaintiffs and the Class were represented by Consumer Justice Center, P.A. ("Class Counsel"). Defendant Active Sports was represented by Lommen Abdo, P.A.

The Court, having heard arguments of counsel for the Parties, and with no other persons having chosen to appear at the Settlement Hearing, having reviewed all materials submitted,

having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised, **HEREBY FINDS AND CONCLUDES** that:

A.  This Court has personal jurisdiction over Plaintiffs, Defendant Active Sports, and the Class Members, and subject matter jurisdiction over the Action and the Settlement.

B.  The provisions of the Preliminary Approval Order that conditionally certified the Active Sports Settlement Class are hereby confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23(e) for the purposes of implementing the terms provided for in the Settlement.

C.  The Preliminary Approval Order required Defendant Active Sports and its agents to file a declaration of compliance with the notice provisions of that order. Pursuant to the Preliminary Approval Order, Defendant Active Sports has filed the required declaration. (Decl. of Deborah McComb Re: Notice Procedures).

D.  The form, content, and method of dissemination of the notice given to the Active Sports Settlement Class was adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

E.  The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Active Sports Settlement Class.

F.  Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.  No objections to the Settlement have been submitted.

H.  Plaintiffs and all Class Members (except the three Class Members who timely

filed a Statement of Exclusion), all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

  I.  The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully stated herein.

  Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

  1.  The Settlement set forth in the Stipulation of Settlement [Doc. No. 45] is fair, reasonable, adequate, and in the best interests of the Active Sports Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement. Upon the Settlement becoming effective, as defined in the Stipulation of Settlement, Active Sports will provide Settlement Gift Cards in the manner and at the times provided for in the Stipulation of Settlement.

  2.  Judgment shall be, and hereby is, entered dismissing all claims that were or could have been asserted in this action by Plaintiffs and the Class Members with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

  3.  Plaintiffs and all Class Members are hereby conclusively deemed to have forever released, relieved, discharged, covenanted not to sue or proceed in any way against, and consent to be enjoined from suing the Active Sports Released Parties, consisting of the following: (i) Active Sports, (ii) any of its agents, representatives, vendors, and others involved in the development of the programs or software used to create the Allegedly Offending Receipts; (iii) all entities that are direct or indirect parents or subsidiaries of any of the foregoing business entities; (iv) all entities that are directly or indirectly under common control with any of the foregoing entities; (v) all partnerships, insurers, indemnitors, attorneys, heirs, predecessors,

successors, and assigns of any of the foregoing entities; and (vi) all past and present owners, employees, agents, officers, shareholders, partners, representatives, and directors of any of the foregoing entities, for any and all actions, causes of action (in law or equity), suits, claims, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs, and expenses (including attorney fees), known and unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, based on any theory whatsoever, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Active Sports Released Parties based in whole or in part on, arising out of, or related in any way to the violation or alleged violation of the Fair and Accurate Credit Transactions Act (15 U.S.C.§ 1681c(g)), including: (i) the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Action; and (ii) credit and debit card receipts provided by Defendant Active Sports. All of the above are referred to collectively as the "Settled Claims."

4. Solely with respect to Settled Claims, Plaintiffs and all Class Members are hereby adjudged to have expressly waived or relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render a release unenforceable with respect to the Settled Claims.

5. Plaintiffs and all Class Members in the Active Sports Settlement Class are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had or may have against the Active Sports Released Parties, or any of them, arising out of, based upon, or otherwise related to the Settled Claims described above.

6. The Court hereby decrees that neither the Stipulation of Settlement nor this final

judgment nor the fact of the Settlement is an admission or concession by the Active Sports Released Parties, or any of them, of any liability or wrongdoing. This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

7. The Parties to the Stipulation and Settlement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the gift cards to Class Members, except for their own willful misconduct.

8. Defendant Active Sports agrees to donate, in 2016, and 2017 if necessary,[2] the unused coupons through in-kind products to the Goodwill with maximum retail value of $50,000 and provide proof of said donations to Class Counsel forty-five (45) days from date of final judgment.

9. The Court awards Class Counsel reasonable attorney's fees and costs in the amount of $75,000.00, of which amount shall be paid by Defendant Active Sports within ten (10) business days from the date of this Order approving class action settlement.

10. The Plaintiffs, as Class Representatives, are each awarded an amount of $5,000.00, of which amount shall be paid by Defendant Active Sports within ten (10) days from the date of this Order.

11. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement

---

[2] The Stipulation of Settlement states that the cy pres donation will be made in "2015, and 2016 if necessary." (Stipulation of Settlement at 16). Given the time that has passed since the Stipulation of Settlement was reached and the parties' representations at the hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Doc. No. 54] and in the memorandum in support, the Court understands that the parties intend that the cy pres donation be made in 2016, and 2017 if necessary. *See* (Mem. in Supp. of Pls.' Unopposed Mot. for Final Approval of Class Action Settlement) [Doc. No. 56 at 6].

and this Order.

12.     Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Doc. No. 54] is **GRANTED** consistent with this Order.

13.     Plaintiffs' Motion for Attorney's Fees & Costs [Doc. No. 58] is **GRANTED** consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 6, 2016                              *s/Steven E. Rau*
                                                  STEVEN E. RAU
                                                  United States Magistrate Judge